**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 4, 2005**

**TENTH CIRCUIT**

PAUL ARMIJO,

        Petitioner-Appellant,

v.

JOE WILLIAMS,

        Respondent-Appellee.

No. 05-2076

District of New Mexico

(D.C. No. CIV-04-504-JB/LFG)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Paul Armijo, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). We liberally construe Mr. Armijo's pleadings in compliance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Because we conclude that Mr. Armijo has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA, and we dismiss the appeal.

## I. Factual and Procedural Background

Mr. Armijo was charged under New Mexico law with child abuse, aggravated assault against a household member, and aggravated battery upon a peace officer. During discovery, the state court gave the prosecution a deadline for producing two key witnesses, and a suggestion to Mr. Armijo's attorney, Joseph Riggs, to file a motion to dismiss two of the three charges in the event the State failed to meet the deadline. Specifically, the judge stated: "If [the witnesses] are not provided or interviews not scheduled before that time, Mr. Riggs, file the appropriate motion and those counts may go away only with the battery on a peace officer." Mag. J. Rep. & Rec. 3-4 (quoting State Dist. Ct. Hr'g, June 25, 2001). The State failed to produce the witnesses; however, Attorney Riggs decided not to bring the motion to dismiss. On July 20, 2001, Attorney Riggs moved to withdraw from the case, as his relationship with Mr. Armijo had deteriorated to the point the two could no longer communicate.

On January 15, 2002, Phillip Sapien became Mr. Armijo's defense counsel for the remainder of the proceedings. On April 25, 2002, Attorney Sapien filed a motion to dismiss the first two counts (child abuse and aggravated assault against a household member), noting in the motion that Attorney Riggs had made an oral agreement with an Assistant Attorney General to have the two charges dismissed if the State's witnesses were not located. On May 1, 2002, the state court held a

hearing on the motion to dismiss. Although the State was unable to locate the two witnesses, it claimed it had sufficient evidence to proceed. The court agreed with the State, and decided to exclude the testimony of the two witnesses should they be located rather than dismissing the counts. The court advised the State that it might be difficult for the State to prove its entire case without the witnesses, and recessed so that the parties could discuss a possible plea agreement.

Later that day, Mr. Armijo signed the plea agreement. Pursuant to the agreement, Mr. Armijo pleaded no contest to three charges, including the original charges of aggravated assault against a household member and aggravated battery upon a peace officer. The third charge, aggravated assault against another individual, was charged separately by information and added to the plea agreement. In addition, Mr. Armijo waived his right to appeal, and waived "all motions, defenses, objections, or requests which [Mr. Armijo] has made or could make concerning the Court's entry of judgment...." Plea Agreement 4. The State, for its part, agreed to dismiss the child abuse count, and not to pursue habitual offender proceedings against Mr. Armijo.

Mr. Armijo received a sentence of four and a half years; however, the sentence was suspended, and Mr. Armijo was placed on probation. In September 2002, Mr. Armijo violated a condition of probation and was incarcerated for the remaining term of imprisonment. Following conviction for the probation

violation, Mr. Armijo filed a petition for writ of habeas corpus in New Mexico state court, principally challenging matters leading up to his plea agreement. His claims included ineffective assistance of counsel, violation of the Due Process and Equal Protection Clauses, and a claim that he was coerced into signing the plea agreement. The state court denied Mr. Armijo's petition, and found that "Mr. Armijo freely and voluntarily chose to enter a plea of no contest to the charges brought against him," also stating that "[t]he record of the plea elocution [sic] supports the validity of the plea in that [Mr. Armijo] stated that he was not coerced, that he felt the plea was in his best interests, that he understood the plea, that he had enough time to speak with his attorney prior to entering the plea and that he was satisfied with the representation that he had been given." Mag. J. Rep. & Rec. 14-15 (quoting State Dist. Ct. Order 3).

After the New Mexico Supreme Court denied Mr. Armijo's petition for writ of certiorari, Mr. Armijo filed a habeas corpus petition in federal district court under 18 U.S.C. § 2254, alleging (1) ineffective assistance of counsel by Attorney Riggs, (2) that his plea was involuntary, and (3) that he did not receive fair notice of the charge in the information added to the plea agreement. The magistrate judge entered findings of fact and recommended that the district court deny Mr.

-4-

Armijo's petition. Although the record of the plea proceedings is unavailable,[1] the magistrate judge concluded that there was no evidence suggesting that Mr. Armijo was coerced into entering the agreement, citing the factual findings made by the state court that served as the basis for its determination that the plea was voluntary.

In Mr. Armijo's objections to the magistrate judge's report, Mr. Armijo raised a new claim, alleging that by failing to produce two key witnesses at trial, the State had committed a *Brady* violation. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (outlining the elements of a *Brady* violation). The district court adopted the magistrate judge's recommended disposition and denied Mr. Armijo's petition. With regard to the alleged *Brady* violation, the district court ruled that Mr. Armijo could not raise issues for the first time in objections to a magistrate judge's recommended disposition. Moreover, the court found no evidence of suppression by the State necessary to establish a *Brady* violation.

In seeking a certificate of appealability, Mr. Armijo raises three issues: (1) that he was coerced into entering into the plea agreement; (2) that the State committed a *Brady* violation when it failed to produce two key witnesses; and (3)

---

[1]The district court directed Respondents to supply the entire underlying record; however, the transcript of the plea proceedings could not be produced because the court reporter's disk containing the proceedings was defective. Affidavit of Wendy Morrison, New Mexico State Court Reporter, Jan. 18, 2005.

that the district court's failure to conduct an evidentiary hearing regarding his claim of ineffective assistance of counsel violated his Due Process rights.

## II.  Discussion

A certificate of appealability ("COA") must be granted before an appellate court may review the merits of a habeas corpus appeal brought under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2253(c)(1).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983).

First, Mr. Armijo argues he was coerced into signing the plea agreement. Whether a plea agreement was voluntary is a question of law reviewed *de novo. United States v. Kramer*, 168 F.3d 1196, 1200 (10th Cir. 1999).  While questions of law do not require that we give the same deference due a state court's factual determinations, we recognize that the Anti-Terrorism and Effective Death Penalty Act has "increased the deference federal habeas courts extend to state court's legal determinations." *Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir.

-6-

2000), *cert. denied*, 537 U.S. 1197 (2003). Moreover, "[t]o the extent that the question of whether the defendant knowingly and voluntarily made the plea depends on findings of fact made by the state court on habeas review, these findings, with specified exceptions, carry a presumption of correctness." *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996).

Although the record of the plea proceedings is unavailable, no evidence exists supporting Mr. Armijo's claim of coercion. To the contrary, Mr. Armijo signed the plea agreement with Attorney Sapien present to explain and discuss its terms and implications, and Mr. Armijo has not alleged ineffective assistance of counsel with respect to Attorney Sapien's performance before or during the plea proceedings. Nothing in the record indicates that the state court, prosecution, or defense attempted to coerce Mr. Armijo into pleading no contest. Furthermore, Mr. Armijo objected to the plea proceedings only after violating his probation and being incarcerated. Finally, the state court found that the plea agreement was voluntary, based on Mr. Armijo's statements during the plea allocution and other available evidence.

Based on the evidence before the court, we conclude that the state court's adjudication in this matter was not based on any unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Mr.

Armijo's bare allegations of coercion are insufficient to make a substantial showing of the denial of a constitutional right.

Next, Mr. Armijo argues that by failing to produce two key witnesses, the State committed a *Brady* violation. This claim fails because Mr. Armijo did not raise this argument in his federal habeas petition and related pleadings. As the district court correctly explained, Mr. Armijo cannot raise an issue for the first time in his objections to the magistrate judge's recommended disposition. *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996).

Finally, Mr. Armijo argues that Attorney Riggs provided ineffective assistance of counsel by failing to file a motion to dismiss two of the three counts against him after the State failed to meet its discovery deadline. This argument is without merit. To prove ineffective assistance of counsel, Mr. Armijo must show that counsel's deficient performance prejudiced his defense in that the result would have been different but for the attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Attorney Riggs's failure to file the motion to dismiss did not prejudice the outcome of his case, because Mr. Armijo's subsequent attorney, Phillip Sapien, later filed the motion. The state court fully considered the motion and declined to dismiss the charges against Mr. Armijo, deciding instead to exclude testimony by the missing witnesses if they were found. To find prejudice, we would have to

speculate that with different timing, the trial judge would have ruled differently on an identical motion. In addition, rather than challenging the evidence against him, Mr. Armijo voluntarily pleaded no contest to one of the two charges (aggravated assault against a household member) at issue, while the State agreed to drop the other charge (child abuse) and to refrain from seeking habitual offender status. In short, Mr. Armijo cannot show that Attorney Riggs's performance prejudiced the outcome of his case. As a result, Mr. Armijo has not demonstrated that reasonable jurists could debate whether he received ineffective assistance of counsel in violation of his constitutional rights.

Mr. Armijo has therefore failed to make a substantial showing of the denial of a constitutional right under each of his arguments. Accordingly, we **DENY** Paul Armijo's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge